UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Kristin Waller, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | COMPLAINT AND |
| v. | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Red Robin International, Inc., Kevin Jones, Mark Roster, Anthony Beherns, Avion Carpenter, Jonathan Clayton, and Heather Alphonse | ) ) ) ) | |
| | ) | |
| *Defendant* | ) | |

### I. PARTIES AND SERVICE

Plaintiff Kristin Waller, through undersigned counsel, complains against the defendant as follows:

1. Kristin Waller is a resident of Slidell, Louisiana.

2. Red Robin International, Inc., plaintiff's employer, is a company doing business in Louisiana with its principal place of business Las Vegas, Nevada.

3. Kevin Jones ("Mr. Jones") served as the General Manager of the Red Robin Gourmet Burgers and Brews ("Red Robin") located in Slidell, Louisiana.

4. Mark Roster ("Mr. Roster") served as the Assistant General Manager of the Red Robin located in Slidell, Louisiana.

5. Anthony Beherns ("Mr. Beherns") served as the Kitchen Manager of the Red Robin located in Slidell, Louisiana.

6. Avion Carpenter ("Mr. Carpenter") served as the Shift Supervisor of the Red Robin located in Slidell, Louisiana.

7. Jonathan Clayton ("Mr. Clayton") was an employee of the Red Robin located in Slidell, Louisiana.

8. Heather Alphonse ("Ms. Alphonse") was the head CLC manager of the Red Robin located in Slidell, Louisiana.

9. Plaintiff Kristin Waller commences this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), which in relevant part prohibits sexual harassment, discrimination in employment based upon an employee's sex, and retaliation against an employee for her complaints of sexual harassment.

10. Plaintiff Kristin Waller additionally brings supplemental state law claims against co-employee Mr. Carpenter for assault, battery, and the intentional infliction of emotional distress.

11. Plaintiff Kristin Waller additionally brings supplemental state law claims against co-employee Mr. Clayton for sexual assault, sexual battery, and the intentional infliction of emotional distress.

## II. JURISDICTION & VENUE

12. This Court has proper subject matter jurisdiction over plaintiff's federal claims under 28 U.S.C. sec. 1331 and 42 U.S.C. sec. 2000e-5(f); and this Court has proper supplemental

jurisdiction over the state law claims for assault, battery, sexual assault, sexual battery, and intentional infliction of emotional distress pursuant to 28 U.S.C. sec. 1367(a).

13. Jurisdiction over the federal claims is ripe in that a Conciliation Failure and Notice of Rights letter was issued by the Equal Employment Opportunity Commission on September 30, 2022, based upon a charge affidavit timely filed with the Equal Employment Opportunity Commission ("EEOC").

14. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 29 U.S.C.§ 2617(a)(2), and 42 U.S.C. § 2000e-5(f)(3) because this matter involves controversies arising under the laws of the United States.

15. Venue is proper in the Eastern District of Louisiana, under 42 U.S.C. § 2000e-5(t), and 28 U.S.C. § 1391(b) and (c), because Defendant regularly conducts business in this District and the events forming the basis of the suit occurred in this District. This action properly lies in the Eastern District Court of Louisiana pursuant to 29 U.S.C. sec. 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. sec. 2000e-5(f)(3)

### III. PROCEDURAL HISTORY

16. On September 17, 20202 plaintiff filed a Charge of Discrimination against defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") (the "Charge").

17. On September 30, 2022, the EEOC issued Conciliation Failure and Notice of Rights to plaintiff.

18. This action is filed within ninety (90) days of plaintiff's receipt of the EEOC Conciliation Failure and Notice of Rights. Thus, all administrative prerequisites have been met or have expired.

19. Declaratory and equitable relief is sought pursuant to 28 U.S.C. sec. 2201, 2202, and 42 U.S.C. sec. 2000e-5(g)(1).  Compensatory and punitive damages are sought pursuant to 42 U.S.C. sec. 1981(a).

20. Civil penal damages are likewise sought in this litigation.

21. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. 2000e-5(k) and Rule 54 of the Federal Rules of Civil Procedure because the unlawful employment practices were committed in this judicial district.

22. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury.

## IV. FACTUAL SUMMARY

23. Ms. Waller was employed at the Red Robin located in Slidell, Louisiana beginning on or about October 12, 2018.

24. At all times relevant hereto, Ms. Waller was a competent, qualified, loyal and conscientious employee.

## V. SEXUAL HARASSMENT

25. According to *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 401 (5th Cir. 2013), for harassment to be actionable, it has to be sufficiently severe or pervasive to change the plaintiff's employment atmosphere thus creating an abusive environment.  Offensive conduct that includes teasing, comments, or mild isolated incidents is not enough to be considered pervasive. As it has been demonstrated these are not isolated incidents. These incidents are pervasive due to duration, frequency, intensity, and maliciousness with intent to cause anxiety, fear, and distress.

26. During the course of her employment, Mr. Carpenter repeatedly made sexually explicit transgressions, such as hitting Ms. Waller on the butt.

27. Mr. Carpenter's transgressions would typically occur when he and Ms. Waller were scheduled to work the last shift of the evening together.

28. During the course of her employment, Mr. Clayton repeatedly attempted to force himself upon Ms. Waller in an attempt to kiss her, grabbed her buttocks, as well as speaking in a sexually suggestive matter.

29. Plaintiff informed Mr. Jones, Mr. Roster, Ms. Alphonse, and Mr. Anthony of the sexual harassment perpetuated by Mr. Carpenter, Mr. Clayton, and Mr. Clayton.

30. On June 16, 2020, Red Robin unlawfully and in retaliation of the aforementioned complaints, terminated Mr. Waller's employment.

31. On June 17, 2020, Mr. Waller reported her wrongful termination to Red Robin's corporate hotline.

32. In order for the sexual harassment discrimination (under hostile work environment) claim to be satisfied Ms. Waller must meet the following: "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on [sex]; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012). These requirements set forth by the Louisiana Court's are satisfied as follows:

   a) Ms. Waller was subjected to unwelcome harassment/discrimination.
   b) Ms. Waller did complain to her supervisors, Mr. Jones, Mr. Roster, Ms. Alphonse, and Mr. Anthony, about sexual harassment and retaliation.

    c) Ms. Waller a female, was subjected to slapping and hitting of her buttocks.

    d) Ms. Waller was subjected to sexual harassment which affected her term, condition, and privilege of employment. The sexual harassment made Ms. Waller uncomfortable where she had to go to counseling, the events were emotionally disturbing to Ms. Waller and she felt unwelcomed in her place of work.

33. As a result of the discrimination undertaken against her, Ms. Waller became physically and emotionally ill. She has been treating with a therapist since her termination, and continues to seek treatment as of the date of filing.

## VI. VIOLATION OF COVID-19 PROTOCOLS

34. Red Robin employees were asked to sign waivers before beginning their respective shifts indicating that they were not ill.

35. At times, if plaintiff's temperature was too hot, she was forced to stay in the cooler by management, until management could falsify the waiver.

## VII. RETALIATION

36. Upon information and belief, it is apparent from the report, her charge, emails, and numerous other statements, that Ms. Waller and others did report these events.

37. If management was not made aware from any of the supervisors in question, then that is not the fault of the victim, but on the system.

38. Red Robin allowed the above named employees the power, the means, and the ability to create a system that was incredibly hostile and not adequate to protect Ms. Waller.

39. Ms. Waller satisfied the requirement of reporting to her supervisor.

40. In order for Ms. Waller to establish a prima facie case of retaliation, she must prove that: "(1) she engaged in a protected activity; (2) the exercise of her civil rights was known to the

defendant; (3) thereafter, the defendant took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action." *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir.2000).

41. Ms. Waller reported discrimination to Mr. Jones, Mr. Roster, Ms. Alphonse, and Mr. Anthony.

### VIII. EEOC DETERMINATION

42. On July 25, 2022, the EEOC issued a Determination regarding Ms. Waller's complaint.

43. EEOC determined "Based on the evidence, the Commission concludes that there is reason to believe that violations of Title VII of the Civil Rights Act of 1964, as amended, have occurred with respect to Charging Party's allegations of sexual harassment, retaliation, and discharge."

### IX. CAUSES OF ACTION

**COUNT ONE:** **Title VII**

44. Plaintiff repeats and incorporates by reference paragraphs 1 - 45

45. The intentional conduct and actions by Defendant through its agents constitute unlawful employment practices (sexual harassment) that discriminated against plaintiff with respect to her terms, conditions and/or privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e-2(a)(1).

**COUNT TWO:** **RETALIATION**

46. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

47. By terminating plaintiff because she complained about sexual harassment, defendants violated her rights under Title VII, 42 U.S.C. 1981.

**WHEREFORE**, the Plaintiff Kristin Waller respectfully requests that this Court:

a.  Enter judgment in her favor;

b.  Declare the conduct engaged in by defendant to be in violation of plaintiff's rights;

c.  In lieu of reinstatement, order front pay and benefits for the period remaining until normal retirement;

d.  Award plaintiff back pay, benefits and prejudgment interest up to the date of reinstatement or front pay and benefits accrual;

e.  Award plaintiff compensatory damages;

f.  Award plaintiff punitive damages;

g.  Award plaintiff costs, expert witness fees and attorney's fees pursuant to 42 U.S.C.A §§1981a, 1988 and 42 U.S.C. sec. 2000e-5(k); and

h.  Grant plaintiff such other, further relief as the Court may deem just and proper.

i.  Enter judgment against defendant in favor of Plaintiff Kristin Waller for full compensatory damages;

j.  Enter judgment against defendant equitable relief, including reinstatement, and/or front pay;

k.  Enter judgment against defendant in favor of Plaintiff Kristin Waller for an amount of punitive damages sufficient to punish and deter defendant discrimination against Plaintiff Kristin Waller;

l.  Enter judgment against Defendant in favor of Plaintiff Kristin Waller for an amount of punitive damages sufficient to punish and deter defendant's unlawful behavior;

m.  Enter an award in favor of Plaintiff Kristin Waller, against defendant to pay her reasonable attorney's fees and costs, pursuant to Title VII, 42 U.S.C. §1988 and 28 U.S.C.§216;

n. Grant Plaintiff Kristin Waller a trial by jury on all issues so triable; and

o. Grant Plaintiff Kristin Waller any and all additional relief to which she may appear to be entitled.

Respectfully submitted:
*LAW OFFICE OF DESIREE M. CHARBONNET, L.L.C.*


/s/ Desiree M. Charbonnet
**DESIREE M. CHARBONNET (La. Bar No. 24051)**
Attorney for Petitioner
One Canal Place
365 Canal Street, Suite 1100
New Orleans, Louisiana 70130
Phone: (504) 399-3374
Fax: (504) 561-7850
Email: dcharbonnet@desireelaw.com

AND

*LAW OFFICE OF BERNARD L. CHARBONNET, JR., APLC*

**DAVID M. FINK (La. Bar No. 33550)**
**BERNARD L. CHARBONNET, JR. (La. Bar No. 4050)**
One Canal Place
365 Canal Street, Suite 1100
New Orleans, Louisiana 70130
Phone: (504) 561-0996
Fax:    (504) 561-7850
Email: dfink@charbonnetlaw.com

**PLEASE SERVE**

Red Robin International, Inc.
Through its registered agent
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802

Kevin Jones
700 Town Center Parkway
Slidell, Louisiana 70458

Mark Roster
Kevin Jones
700 Town Center Parkway
Slidell, Louisiana 70458

Anthony Beherns
700 Town Center Parkway
Slidell, Louisiana 70458

Avion Carpenter
700 Town Center Parkway
Slidell, Louisiana 70458

Jonathan Clayton
700 Town Center Parkway
Slidell, Louisiana 70458

Heather Alphonse
700 Town Center Parkway
Slidell, Louisiana 70458